No. 23-2200

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARK RIDLEY-THOMAS

*Defendant-Appellant.*

_____

On Appeal from the United States District Court for the Central
District of California, The Honorable Dale S. Fischer, Presiding.
CR No. 2:21-cr-00485-DSF

_____

**APPELLANT'S RESPONSE TO GOVERNMENT'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL BRIEFS; DECLARATION OF ALYSSA D.
BELL**

_____

Paul J. Watford
WILSON SONSINI GOODRICH & ROSATI
   *953 East Third Street, Suite 100*
   *Los Angeles, CA 90013*

Erwin Chemerinsky
UNIVERSITY OF CALIFORNIA,
BERKELEY SCHOOL OF LAW
   *Law Building 215*
   *Berkeley, CA 94720*

Alyssa D. Bell
Michael V Schafler
Neil S. Jahss
COHEN WILLIAMS LLP
   *724 South Spring Street, 9th Floor*
   *Los Angeles, CA 90014*
   *(213) 232-5160*
   *abell@cohen-williams.com*

*Attorneys for Mark Ridley-Thomas*

Defendant-Appellant Dr. Mark Ridley-Thomas, by and through his counsel of record, hereby files his response to Plaintiff-Appellee United States of America's motion for leave to file supplemental briefs. This response is based on the attached declaration of Alyssa D. Bell and the files and records in this case.

Dated: July 11, 2024  **COHEN WILLIAMS LLP**

By: */s/ Alyssa D. Bell*
Alyssa D. Bell
Michael V Schafler
Neil S. Jahss

Paul J. Watford
**WILSON SONSINI GOODRICH & ROSATI**

Erwin Chemerinsky
**UNIVERSITY OF CALIFORNIA, BERKELEY SCHOOL OF LAW**

*Attorneys for Mark Ridley-Thomas*

## **DECLARATION OF ALYSSA D. BELL**

I, Alyssa D. Bell, hereby declare and state as follows:

1. I am an attorney at law, licensed to practice in the State of California and admitted to practice before this Court. I am counsel of record for Defendant-Appellant Dr. Mark Ridley-Thomas in the above-captioned appeal. Unless otherwise stated, I have personal knowledge of the matters in this declaration.

2. On June 26, 2024, the Supreme Court decided *Snyder v. United States*, --- S.Ct. ----, No. 23-108, 2024 WL 3165518 (U.S. June 26, 2024). *Snyder* held that 18 U.S.C. § 666 "prohibits state and local officials from accepting *bribes*," but not from "accept[ing] *gratuities* …." *Id.* at *3 (emphasis in original).

3. On June 28, 2024, Dr. Ridley-Thomas filed a Notice of Supplemental Authority Pursuant to Rule 28(j) addressing *Snyder*. (Dkt. No. 60.1.) Therein, Dr. Ridley-Thomas explained that *Snyder* was relevant to his appeal in two respects. First, because § 666 covers only bribery, the government's "monetization" theory—a pervasive prosecution theory that conflated bribes and gratuities, telling jurors that receipt of a gratuity was "still bribery" (23-ER-4491)—was legally invalid as to § 666. (Dkt. No. 60.1 at 1.) Second, because *Snyder* dictates that § 666 requires proof of a *quid pro quo*, the jury instructions omitted an essential element of the offense. (*Id.*)

2

4. On July 10, 2024, the government filed a motion seeking leave for the parties to file supplemental briefing regarding *Snyder*. (Dkt. No. 63.1.) Therein, the government conceded, as it must, that *Snyder* held that "§ 666 does not make it a crime for local officials to accept gratuities," and that *Snyder*'s holding "bears on [Dr. Ridley-Thomas's] challenge to his conviction for violating § 666 (count 2)." (Dkt. No. 63.1 at 3.) The government could hardly claim otherwise. In its answering brief, the government took the very position that *Snyder* rejected—namely, that § 666 extends to gratuities and does *not* require proof of a *quid pro quo*. (GAB-92 ("Defendant's assertion that the court was required to instruct the jury that a gratuity is not a bribe rests on the faulty premise that federal program bribery requires a *quid pro quo* and does not cover gratuities. That premise is incorrect.").) *Snyder* established that the government, not Dr. Ridely-Thomas, is incorrect: § 666 covers only bribery. *Snyder*, 2024 WL 3165518 at *3.

5. However, the government claims further briefing on *Snyder* is required because, in his Rule 28(j) letter, Dr. Ridley-Thomas "claim[ed] for the first time that *Snyder* invalidates 'all counts' of conviction, including those charging offenses other than § 666." (Dkt. No. 63.1 at 3-4.) That is inaccurate. Dr. Ridley-Thomas makes no argument that *Snyder* is relevant to his honest services fraud convictions. Rather, in his opening brief, and again in his Rule 28(j) letter, Dr. Ridley-Thomas averred that the government's "monetization" theory

3

was legally invalid on *all* counts because *Snyder* clarified that § 666, like 18 U.S.C. § 1346 (the honest services fraud statute), requires a *quid pro quo* and does not extend to the acceptance of gratuities. (AOB-58-62, 68-71; Dkt. No. 60.1 at 1.) By clarifying the scope of § 666, in other words, *Snyder* made clear that the government's "monetization" theory was invalid as to § 666 as well—not only § 1346 (to which *Snyder* has no relevance). (*See id.*)

6. Because, as the government concedes, "§ 666 does not make it a crime for local officials to accept gratuities" (Dkt. No. 63.1 at 3), the government's "monetization" theory was legally invalid as to § 666 and the jury instructions on § 666 erroneously omitted a *quid pro quo* element. (AOB-58-62, 68-71.) The question this Court must resolve on appeal is whether those errors were harmless.

7. The parties have extensively briefed Dr. Ridley-Thomas's claims of error as to his § 666 conviction, as well as the prejudice or harmlessness of those errors, in the course of filing oversized briefs nearly double the word limits set forth in Federal Rule of Appellate Procedure 27 and Circuit Rule 32-2. (Dkt. No. 41 (government's 24,065-word answering brief); Dkt. No. 57 (Dr. Ridley-Thomas's 12,005-word reply brief).) Both parties addressed harmlessness at length in their briefs. (AOB-70-72; GAB-90-91, 98; ARB-42-48.) *Snyder* has no bearing on the harmlessness analysis this Court must conduct.

4

8. In light of the foregoing, Dr. Ridley-Thomas believes that additional briefing addressing *Snyder*'s relevance is unnecessary. Should the Court disagree, Dr. Ridley-Thomas objects to the government's proposed briefing schedule. Undersigned counsel has an opening brief due in *United States v. Baker*, No. 23-4440 on July 23, 2024, and in *United States v. Manibusan*, No. 24-2228 on August 21, 2024. In addition, undersigned counsel will be out of the office from July 22-26, 2024. Undersigned counsel is unable to file a supplemental brief addressing *Snyder* before August 26, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of July, 2024, at Los Angeles, California.

                                          /s/ *Alyssa D. Bell*
                                          Alyssa D. Bell