No. 23-2200

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARK RIDLEY-THOMAS

*Defendant-Appellant.*

_____

On Appeal from the United States District Court for the Central
District of California, The Honorable Dale S. Fischer, Presiding.
CR No. 2:21-cr-00485-DSF

_____

**APPELLANT'S SUPPLEMENTAL REPLY BRIEF**

_____

Paul J. Watford
WILSON SONSINI GOODRICH & ROSATI
   *953 East Third Street, Suite 100*
   *Los Angeles, CA 90013*

Erwin Chemerinsky
UNIVERSITY OF CALIFORNIA,
BERKELEY SCHOOL OF LAW
   *Law Building 215*
   *Berkeley, CA 94720*

Alyssa D. Bell
Michael V Schafler
Neil S. Jahss
COHEN WILLIAMS LLP
   *724 South Spring Street, 9th Floor*
   *Los Angeles, CA 90014*
   *(213) 232-5160*
   *abell@cohen-williams.com*

*Attorneys for Mark Ridley-Thomas*

# **TABLE OF CONTENTS**

SUPPLEMENTAL REPLY BRIEF ...................................................................1

    A.    The jury's honest services fraud verdicts do not obviate the instructional errors on Count 2............................................................2

    B.    The instructions' omission of an essential element was not harmless. ..................................................................................4

    C.    The district court's additional instructional errors mandate reversal. ....................................................................................6

CONCLUSION ...............................................................................................7

CERTIFICATE OF COMPLIANCE ...............................................................8

i

# TABLE OF AUTHORITIES

## Cases

*United States v. Chen*,
  754 F.2d 817 (9th Cir. 1985) ...................................................................................6

*United States v. Christensen*,
  828 F.3d 763 (9th Cir. 2015) ...................................................................................2

*United States v. Kleinman*,
  880 F.3d 1020 (9th Cir. 2017) .................................................................................1

*United States v. Milheiser*,
  98 F.4th 935 (9th Cir. 2024) ....................................................................................4

*United States v. Sun-Diamond Growers of Cal.*,
  526 U.S. 398 (1999) ................................................................................................3

*United States v. Villalobos*,
  748 F.3d 953 (9th Cir. 2014) ...................................................................................2

*United States v. Wilkes*,
  662 F.3d 524 (9th Cir. 2011) ............................................................................2, 3

## Statutes

18 U.S.C. § 666 ................................................................................................ 1, 6, 7

## SUPPLEMENTAL REPLY BRIEF

The government has made a critical concession: § 666 requires *quid pro quo* bribery and the jury instructions omitted an essential element of the offense. (GSB[1]-1.) The Court therefore *must* reverse Appellant Mark Ridley-Thomas's federal-programs bribery conviction unless the government can prove the error "did not contribute to the guilty verdict" and was harmless "beyond a reasonable doubt." *United States v. Kleinman*, 880 F.3d 1020, 1035 (9th Cir. 2017). The government has failed to meet that standard. Its arguments stem from the faulty premise that Ridley-Thomas's honest services fraud convictions were untainted by fatal error, when in fact the government presented a pervasive, legally invalid gratuities theory (its "monetization" theory) to secure Ridley-Thomas's convictions on all counts. The government cannot defend Count 2 by relying on other ill-gotten convictions. Nor can it prove harmlessness by relying on acquitted conduct and contorting the arguments presented to the jury.

Because the district court's instructional errors were not harmless, Ridley-Thomas's conviction on Count 2 must be reversed.

---

[1] GSB and ASB refer to the government and Appellant's supplemental briefs.

### A. The jury's honest services fraud verdicts do not obviate the instructional errors on Count 2.

The government argues that the Court "need not" "evaluate the record" to determine if the district court's instructional errors were harmless beyond a reasonable doubt because, in convicting Ridley-Thomas of honest services fraud, "the jury necessarily found the requisite this-for-that exchange that *Snyder* extended to federal program bribery." (GSB-2, 5.) The cases that it relies upon are either inapposite, *United States v. Christensen*, 828 F.3d 763, 785, 789-90 (9th Cir. 2015) (applying plain error, not constitutional harmless error, review), or distinguishable, *United States v. Villalobos*, 748 F.3d 953, 957-58 (9th Cir. 2014) (conducting a fact-bound harmlessness inquiry); *United States v. Wilkes*, 662 F.3d 524, 544 (9th Cir. 2011) (same).

*Wilkes* is not "dispositive" (GSB-3)—it bears no resemblance to this case. *Wilkes* involved a "bribery scheme" in which Wilkes, a software company executive, paid over $1 million in cash and lavish gifts to a public official in exchange for $16 million in government contracts. 662 F.3d at 530-31. Post-*Skilling*, Wilkes claimed that the honest services fraud instructions given at trial misstated an essential element of the offense because they did not limit the government to a bribery theory, as *Skilling* requires. After painstakingly reviewing the evidence, the court found the error harmless beyond "any reasonable doubt"

2

because the government had proved bribery, not an undisclosed conflict of interest—a finding Wilkes's conviction of § 201 bribery confirmed. *Id.* at 544.

*Wilkes* did not hold that courts "need not" "evaluate the record" in conducting constitutional harmless error review; rather, *Wilkes* undertook the fact-bound inquiry the government invites this Court to abandon. (GSB-5.) That inquiry revealed evidence, and a jury finding, consistent only with a *quid pro quo*. Here, in contrast, the evidence was far more consistent with Ridley-Thomas's receipt of a gratuity than his acceptance of a bribe and, recognizing as much, the government presented a legally invalid theory that contorted the definition of bribes to include gratuities. That error taints *all* counts.

At trial, prosecutors argued that Ridley-Thomas was guilty of both honest-services-fraud bribery and federal-programs bribery if he "monetized" his position by accepting a gratuity—*i.e.*, "a reward for some future act that" he had "already [] determined to take," *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 405 (1999). (1-ER-134 (arguing honest-services-fraud bribery incudes the receipt of "benefits and perks … in any way connected with" action the official "already … intend[s] to do"); 1-ER-131 (arguing federal-programs bribery includes the receipt of benefits "in connection with that thing [the official was] already going to do"); 23-ER-4491 ("[E]ven if he were going to do certain things, if he did those things and he accepted a reward for those things, it's still bribery.").) On appeal,

3

the government claimed those improper arguments referred only to federal-programs bribery, for which "no *quid pro quo* is required." (GAB-80.) Because *Snyder* foreclosed that argument, the government now turns tack again, claiming its "monetization" theory actually described *quid pro quo* bribery. (GSB-14.) Not so. At every turn, the government argued that bribery includes the receipt of gratuities (AOB-58-62; ARB-34-39), and the instructions did not preclude reliance upon that invalid theory because the district court rejected Ridley-Thomas's proposed instruction explaining the difference. *See United States v. Milheiser*, 98 F.4th 935, 945 (9th Cir. 2024) (where government presents an invalid theory, jury instructions do not "remedy the problem" unless they specifically address the erroneous argument).

Because the government presented a legally invalid theory that taints all counts, Ridley-Thomas's honest services fraud convictions do not mandate a finding of harmless error on Count 2.

### B. The instructions' omission of an essential element was not harmless.

The government presents its arguments as if it had proved every allegation in the indictment and secured Ridley-Thomas's conviction on all counts. But Ridley-Thomas was acquitted on twelve of nineteen counts, including *all* fraud counts predicated upon Sebastian's admission to USC, scholarship, and professorship. (ARB-16-17.) As the district court found—and the government

4

conceded—Ridley-Thomas's convictions rested exclusively upon the so-called "funneling" and Telehealth amendment. (ARB-17-18.) That purported exchange did not fit the government's *quid pro quo* narrative, however, because Ridley-Thomas committed to support the Telehealth amendment months before any discussion of the "funneling" occurred. (ASB-4-6.)

The government now argues that the evidence pertaining to Telehealth was consistent *only* with a *quid pro quo*, claiming that, when the first discussion of PRPI took place, Ridley-Thomas "had *not* delivered the amended contract," "Telehealth's 'survival' was in jeopardy," and "Flynn and her colleagues were … working to find a 'better strategy' to keep Telehealth afloat …" (GSB-9.) But that argument relies upon an email Flynn sent to her colleagues explaining that a vote on Telehealth's extension was scheduled for August (when the then-current contract was set to expire), that Ridley-Thomas would "help" to get the amendment passed, but that her team needed to stay "on top" of the full Board's upcoming vote by coordinating with Ridley-Thomas's mental health and children's deputies. (2-SER-412.) The email thus shows that Flynn knew Ridley-Thomas's support for the Telehealth amendment was already guaranteed, *not* that his support required inducement.

Perhaps most telling, however, is the government's strategic choice at trial to argue a theory far broader than *quid pro quo* bribery. (23-ER-4446 ("[W]ith

5

respect to bribery there's actually no *quid pro quo* required… [T]he crime is committed with the corrupt ask; asking to be rewarded in connection with the public servant doing their job.").) Faced with a Circuit split regarding § 666's scope that the Supreme Court was set to resolve, and Ridley-Thomas's request for instructions differentiating bribes from gratuities, the safer bet would have been to argue a straightforward bribery theory. That the government instead advocated for conviction on a gratuities theory lays bare the fallacy of its claim that the evidence was consistent only with a *quid pro quo*.

Because ample record evidence demonstrated the so-called "funneling" was not a bribe, the Court cannot assume the jury disregarded the government's legally invalid arguments. The error therefore was not harmless.

### C. The district court's additional instructional errors mandate reversal.

Because the alleged benefit at issue here could be interpreted as either a gratuity or a bribe, an instruction explaining the difference was required. *United States v. Chen*, 754 F.2d 817, 825 (9th Cir. 1985). The government makes no attempt to distinguish *Chen* because it cannot. *Chen* is controlling and dispositive.

Instead, the government quibbles with the wording of Ridley-Thomas's proposed instruction on gratuities, but even then, its argument fails. (GSB-11-12.) Ridley-Thomas requested instructions that "a bribe … [requires] an illicit *quid pro quo*," and "[a] benefit made to reward a politician for an act he has already taken or

6

has already determined to take is not a bribe." (5-ER-928, 932.) Those are accurate statements of the law and reflect *Snyder*'s holding that "rewards" violate § 666 only when received pursuant to a *quid pro quo*.

Ridley-Thomas's request for a goodwill gifts instruction was likewise well-founded in law and fact. Ridley-Thomas agreed to support the Telehealth amendment without conditions. A properly-instructed jury should have been tasked with deciding whether, when he subsequently received Flynn's assistance in moving his funds to PRPI, he intended to be influenced, rewarded, or neither one.

## CONCLUSION

Ridley-Thomas's conviction on Count 2 must be reversed.

Dated: October 4, 2024　　　　**COHEN WILLIAMS LLP**

By:    */s/ Alyssa D. Bell*
　　　Alyssa D. Bell
　　　Michael V Schafler
　　　Neil S. Jahss

Paul J. Watford
**WILSON SONSINI GOODRICH & ROSATI**

Erwin Chemerinsky
**UNIVERSITY OF CALIFORNIA, BERKELEY SCHOOL OF LAW**

*Attorneys for Mark Ridley-Thomas*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32 (a)(7)(C) and Ninth Circuit Rule 32-1, I certify that this reply brief is proportionally spaced, has a typeface of 14 points and contains approximately 1,396 words.

Dated: October 4, 2024　　　　**COHEN WILLIAMS LLP**

　　　　　　　　　　　　　　By: ____*/s/ Alyssa D. Bell*____
　　　　　　　　　　　　　　　　Alyssa D. Bell
　　　　　　　　　　　　　　　　Attorneys for Mark Ridley-Thomas